Mr. Maurice S. Pipkin Executive Director State Commission on Judicial Conduct P.O. Box 12265 Austin, Texas 78711
Re: Collection and retention of notary fees by employees of a justice of the peace
Dear Mr. Pipkin:
You have requested our opinion regarding the question of whether a justice of the peace or his employees may collect and retain a fee of fifty cents ($.50) for administering the oath, and affixing the certificate and seal on sworn pleadings filed by a plaintiff in justice of the peace court in addition to the $7.00 fee authorized by article 3935, V.T.C.S. You have also requested our opinion regarding the question of whether an employee of a justice of the peace may collect and retain a fee for administering the oath and affixing the certificate and seal on a personal bond for a defendant charged with a class `C' misdemeanor, which personal bond has been authorized in the justice court in which such employee is employed and in which such class `C' misdemeanor is pending.
With regard to the first question, article 3935, V.T.C.S., states that justices of the peace are required to collect the following fees for services rendered by them:
A. Fee before entry of judgment:
 For each original cause or action, cross-action, third-party action or intervention in the justice civil courts: for filing, or filing and registering, or filing and recording, and for docketing and including taxing costs for each and all applications, complaints, petitions, returns, documents, papers, legal instruments, records or proceedings; for issuing, including the recording of the return thereon, each and all citations, notices, subpoenas, commissions to take depositions, orders, writs, processes, or any and all other instruments, documents or papers authorized, permitted or required to be issued by the justices of the peace on which a return must be recorded; for causing juries to be summoned and swearing them, and receiving and recording jury verdicts; for swearing witnesses; for approving bonds involved in court actions; for administering oaths; for rendering and recording judgment; and for all other clerical duties in connection with such justice of the peace court docket: a fee of ........................... $7.00.
Article 3935 includes `administering oaths' as one of several services for which a total fee of $7.00 shall be charged by a justice of the peace. We note that article 3945, V.T.C.S., provides for a $.50 fee to be charged by a notary public for administering an oath with certificate and seal. We do not believe this statute applies to a justice of the peace administering an oath with certificate. A justice of the peace has these powers pursuant to article 26, V.T.C.S., because he is a justice of the peace. He is not, however, for that reason a notary public subject to article 3945. Although a justice of the peace must be commissioned as an ex officio notary public of his county, when he acts pursuant to article 3935 he acts as a judicial officer and not as a notary public. Therefore, neither a justice of the peace nor an employee acting for him may charge the additional $.50 fee pursuant to article 3945, V.T.C.S.
As to the second question, chapter 17 of the Code of Criminal Procedure sets out the court's authority to release a defendant on his personal bond and the requisites for same. Chapter 17 does not authorize the collection of any fees by the court with regard to a defendant's release on his personal bond. The fee of $7.00 which article 3935, V.T.C.S., authorizes for the filing of a complaint and other instruments in a justice court is inapplicable to civil cases. Attorney General OpinionMW-249 (1980) states that article 3935 is limited to civil cases.
We are aware of no other statute which would permit a fee to be charged and collected by an employee of a justice of the peace for administering the oath and affixing the certificate and seal on a personal bond. It is therefore our opinion that an employee of a justice of the peace is not authorized to collect and retain a fee for administering the oath and affixing the certificate and seal on a personal bond for a defendant charged with a class `C' misdemeanor, which personal bond has been authorized in the justice court in which such employee is employed and in which such class `C' misdemeanor is pending. See Moore v. Sheppard,192 S.W.2d 559 (Tex. 1946) (public officials not entitled to extra compensation for services within scope of official duties).
 SUMMARY
Neither a justice of the peace nor his employee may collect a notary fee of $.50 for administering an oath with certificate and seal on sworn pleading filed in justice court pursuant to article 3945, V.T.C.S. An employee of a justice of the peace may not collect a fee for administering an oath and placing the certificate and seal on a personal bond for a defendant charged with a class `C' misdemeanor.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Prepared by Susan L. Garrison Assistant Attorney General